Entered on Docket
April 18, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: April 14, 2006



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>LARRY FRAGA, etc.,<br>    Debtor.<br>_____/ | No. 00-44500 TT<br>Chapter 7 |
| LARRY FRAGA,<br>    Plaintiff,<br>    vs.<br>THE DUBOFF LAW GROUP, LLC,<br>etc., et al.,<br>    Defendants.<br>_____/ | A.P. No. 06-4005 AT |

**MEMORANDUM OF DECISION RE MOTION FOR SANCTIONS**

Defendant The DuBoff Law Group, LLC (the "DuBoff Law Firm") moves for Rule 9011 sanctions against Plaintiff Larry Fraga ("Fraga") and his counsel, Kristine Kelly ("Kelly"). For the reasons stated below, the motion is granted. The sanctions awarded are set forth below.

**SUMMARY OF FACTS**

An involuntary chapter 7 petition was filed against Fraga in August 2000. An order for relief was entered on September 6, 2000. Prior to the filing of the involuntary petition, Fraga employed the DuBoff Law Firm to represent him as legal counsel in connection with copyright matters.[1] A written retainer agreement was executed on May 19, 2000 (the "Retainer Agreement"). Fraga did not inform the DuBoff Law Firm about the bankruptcy case when it was filed and did not schedule it as a creditor.

The DuBoff Law Firm performed legal services for Fraga both before and after the commencement of the bankruptcy case. It sent monthly invoices to Fraga. Fraga paid the invoices in full on a timely basis until June 2001. He made only a partial payment for June 2001, no payment for August 2001, and only a partial payment for September 2001. Thereafter, he made no payments.

In October 2002, the DuBoff Law Firm filed suit against Fraga in Oregon state court for the unpaid fees and costs (the "Oregon State Court Action"). It served Fraga with the complaint and, when no answer was filed, took Fraga's default. At this point, the DuBoff Law Firm learned of Fraga's bankruptcy. As a cautionary matter, the DuBoff Law Firm moved to have the Oregon State Court Action abated and filed a proof of claim for the unpaid fees. The chapter 7 trustee objected to the proof of claim on the ground that the underlying services were performed post-petition and therefore did

---

[1] The actual firm retained was the DuBoff Law Firm's predecessor in interest: DuBoff, Dorband, Cushing and King.

not give rise to a claim against the bankruptcy estate. The claim was disallowed.

Fraga received his discharge on January 23, 2002. Thereafter, the DuBoff Law Firm reactivated the Oregon State Court Action and obtained a default judgment (the "Judgment"). The DuBoff Law Firm then obtained a sister state judgment in California and scheduled a debtor's examination. When Fraga failed to appear, the DuBoff Law Firm obtained a bench warrant for his arrest.

In response to the bench warrant, Fraga filed a motion in state court in California to stay the enforcement of the Judgment and to recall the bench warrant. Fraga alleged that his bankruptcy barred enforcement of the Judgment. The state court denied Fraga's motion, concluding that the bankruptcy did not bar the enforcement of the Judgment because it was based on a post-petition debt. The state court in California awarded the DuBoff Law Firm its attorneys' fees.

Thereafter, Fraga filed a complaint in this court, commencing the above-captioned adversary proceeding (the "Complaint"). The Complaint alleged that, by continuing to proscute the Oregon State Court Action and by attempting to enforce the Judgment in California, the DuBoff Law Firm had violated the injunction protecting Fraga from the enforcement of discharged debts. See 11 U.S.C. § 524(a)(2).

The Complaint alleged that the Judgment was based on a debt incurred for legal services performed, for the most part, pre-petition and that the only legal services performed post-petition were for tracking Fraga's bankruptcy case and attempting to collect the unpaid fees and costs. It alleged that the DuBoff Law Firm had

3

obtained a bench warrant for Fraga's arrest in an attempt to enforce the Judgment and that Fraga had filed a motion to stay this action. It did not disclose that the California state court had denied its motion and ruled that the underlying debt was a post-petition debt that was not discharged.

The DuBoff Law Firm filed a timely answer to the Complaint. Thereafter, on March 3, 2006, the DuBoff Law Firm filed two motions: (1) a motion for summary judgment and (2) a motion for Rule 11 sanctions. The motions came on for hearing on April 6, 2006. The Court granted the motion for summary judgment at the hearing, making an oral ruling from the bench. It took the motion for sanctions under submission.

**DISCUSSION**

Rule 9011(a) provides that [with exceptions not relevant here] every pleading shall be signed by an attorney individually. Rule 9011(b) provides that:

> ...by presenting to the court...a...pleading, an attorney...is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or

4

discovery; and
(4) the denials of factual contentions are warranted on the evidence, or, if specifically so identified, are reasonably based on lack of information or belief.

Fed. R. Bankr. Proc. 9011(b).

The DuBoff Law Firm's summary judgment motion contended that there was no material factual issue in dispute in connection with the adversary proceeding and that it was entitled to judgment in its favor as a matter of law. It contended that there was no material factual dispute regarding whether the legal services it provided to Fraga, upon which the Judgment was based, were provided post-petition. It contended that there was no nonfrivolous legal issue as to whether a debt based on legal services which were provided post-petition constituted a post-petition debt regardless of whether they were provided pursuant to the retainer agreement executed pre-petition.[2] In support of the latter contention, the DuBoff Law Firm cited In re Hines, 147 F.3d 1185 (9th Cir. 1998) and In re Tredinnick, 264 B.R. 573 (Bankr. 9th Cir. 2001).

In Hines, Hines, while a chapter 13 debtor, retained an attorney ("Gordon") to convert the case to chapter 7. Because Hines was unable to pay Gordon's fee in full up front, Gordon and Hines entered into a written agreement for payment of the fee in installments.

---

[2] In support of the motion, the DuBoff Law Firm filed the Declaration of James Filiault (the "Filiault Declaration"). Attached to the Filiault Declaration are copies of the invoices describing the legal services upon which the Judgment was based and providing the dates when the services were provided. The dates are all post-petition and the services described bear no connection to Fraga's bankruptcy case and indicate numerous post-petition communications with Fraga.

5

Hines gave Gordon several post-dated checks.  After the case was converted, Hines stopped payment on the checks, contending that the debt was a pre-petition debt which was subject to the automatic stay and due to be discharged. The bankruptcy court denied the motion, concluding that the debt, which was at that point solely for services performed post-conversion, was a post-petition debt.  The bankruptcy appellate panel reversed.  However, its decision was reversed in turn by the Ninth Circuit Court of Appeals.  147 F.3d at 1187-88.[3]

In Tredinnick, the Tredinnicks entered into an oral agreement for legal services with a paralegal awaiting bar results.  The paralegal prepared several documents for them, for which he was not paid.  He continued to do so after the Tredinnicks filed a chapter 7 case.  The services provided by the paralegal were not in connection with the bankruptcy case.  After the bankruptcy case was closed and the Tredinnicks failed to pay for the services provided, the paralegal filed a breach of contract action.  The Tredinnicks responded by having their bankruptcy case reopened and filing an adversary proceeding, seeking a determination that their debt to the paralegal had been discharged.  They contended that the debt was a pre-petition debt because it was based on a pre-petition contract.

After a trial, the bankruptcy court found for the Tredinnicks. The bankruptcy appellate panel reversed.  264 B.R. at 574-75.  The

---

[3] The principal analysis of the majority opinion is somewhat convoluted.  However, it also offers the following much simpler alternative rationale which was embraced by the concurring opinion: "[A] prepetition contract for postpetition legal services does not give the attorney a claim against the estate."  Hines, at 1192 (concurring op'n).

6

panel relied in part on the concurring opinion in Hines. Id. at 575-76. They also cited the following language from a subsequent Ninth Circuit Court of Appeals decision: "'There is no question after *Hines* that a reasonable fee for post-petition services is not a dischargeable debt and may be collected in the course of the bankruptcy without violating the automatic stay.'" See In re Sanchez, 241 F.3d 1148, 1150-51 (9th Cir. 2001, cited in Tredinnick, 264 B.R. at 573.

Fraga filed an opposition to the motion for summary judgment four days after it was due. The only basis stated for the opposition was that the debt was necessarily pre-petition because the Retainer Agreement was executed pre-petition. In support of argument, he cited In re Abercrombie, 139 F.3d 755 (9th Cir. 1998). In Abercrombie, the Ninth Circuit denied administrative priority status to a claim by a third party for a post-petition award of fees and costs against a chapter 11 debtor who unsuccessfully defended an appeal from a pre-petition judgment. The Abercrombie court held that "costs and expenses arising out of prepetition contracts are treated under the Bankruptcy Code as non-prioritized unsecured claims." 139 F.3d at 757. Fraga did not discuss or attempt to distinguish the holdings in Hines or Tredinnick. Clearly, Abercrombie is distinguishable on its facts and does not contradict the much more pertinent authority of the cases cited by the DuBoff Law Firm.

The motion for sanctions is not based on the opposition to the motion for summary judgment. It is based on the Complaint. There are two bases for the motion: (1) legal and (2) factual. First, the

7

motion contends that, based on the cases cited above, no competent attorney could make a good faith argument that the Judgment represented a pre-petition debt simply because the Retainer Agreement was executed pre-petition. Second, it contends that the Complaint contains gross misstatements as to the underlying facts. The Court agrees with both contentions.[4]

**(1) Legal Basis**

As discussed above, Ninth Circuit law does not support the legal theory upon which the Complaint is based. Although an unsuccessful litigant is not generally subject to Rule 9011 sanctions, such sanctions are appropriate if no competent attorney, acting in good faith, could have concluded that the law supported the claim asserted. Based on the authorities cited above, the Court concludes that this is the case here. Hines and Tredinnick make it clear that, in the Ninth Circuit at least, legal services provided to a chapter 7 debtor post-petition constitute a post-petition debt of the debtor notwithstanding the existence of a pre-petition contract to provide the services.

Kelly may have failed to conduct adequate research before filing the Complaint so as to determine the relevant law. That, in itself, given the lack of any extreme time pressure, would constitute a violation of Rule 9011. However, even so, she could have avoided being sanctioned by dismissing the Complaint when informed of Hines

---

[4]The brief filed in opposition to the motion, again four days late, contained nothing of any substance. It merely repeated the arguments set forth in the opposition to the motion for summary judgment.

8

and <u>Tredinnick</u> by the DuBoff Law Firm.[5] There is no explanation, other than incompetence or bad faith, for her having continued to prosecute the adversary proceeding after receiving a copy of the sanctions motion. No reasonable attorney could have believed that the holding in <u>Abercrombie</u> would apply to the facts presented here with more force than the holdings in <u>Hines</u> and <u>Tredinnick</u>.

**(2) Factual Basis**

The misrepresentations of fact, as alleged in the Complaint, are even more shocking. The DuBoff Law Firm cited the following four misstatements of fact contained in the complaint.

1. "The Declaration [of Christoper Brown] was based upon fees DUBOFF claims it 'incurred' in pursuing FRAGA for pre-petition debts that had already been discharged." [Complaint, para. 9]

2. "It is clear by examining the attached Exhibits that DUBOFF asserted a claim in the Bankruptcy Court for pre-petition debt, incurred by way of the May 2000, contract." Complaint, para. 13]

3. "DUBOFF fabricated the post-petition fees veiling the very debt it attempted to assert, but was denied, in Bankruptcy the [sic] Court, hoping to avoid statutory language and authority from the 9th Circuit." [Complaint, para. 14]

4. "All of the alleged post-petition fees sought by DUBOFF are for costs incurred by DUBOFF in tracking the status of FRAGA's bankruptcy case and DUBOFF's costs in preparing its lawsuit for the claim herein. None of the entries and fees associated therewith arose from any work done at FRAGA's request. It was purely for DUBOFF's financial gain to pursue FRAGA on a pre-petition debt." [Complaint, para. 15.]

---

[5]Before filing the motion for sanctions, the Duboff Law Firm served a copy of the motion on Kelly, giving her an opportunity to dismiss the Complaint voluntarily in order to avoid incurring sanctions as required by Rule 9011(c)(1)(A).

9

As noted by the DuBoff Law Firm, attached to the Complaint is a copy of the Declaration of Christopher Brown (the "Brown Declaration") in support of the DuBoff Law Firm's request for a default judgment in the Oregon State Court Action. As filed with the Oregon State Court, according to the DuBoff Law Firm, the Brown Declaration contained as an exhibit a complete description of the services provided for which the judgment was sought.

Fraga omitted the bulk of this exhibit from the Brown Declaration when he attached it to the Complaint. The pages included described only those fees incurred after Fraga had defaulted in making payments and the DuBoff Law Firm was attempted to collect its debt. Omitted were the pages describing the numerous substantive legal services performed post-petition for Fraga's benefit in connection with copyright matters. It is impossible to conclude that this selective omission was accidental. This concept goes beyond incompetence or frivolousness and constitutes an attempted fraud on the court. This is particularly true when coupled with the failure to disclose the fact that the California state court had already ruled that the debt was post-petition. The Court notes that Kelly was counsel of record for Fraga in that proceeding.

**Nature and Allocation of Sanctions**

Rule 9011(c) provides that, if the Court concludes that Rule 9011(b) has been violated, the Court may, subject to certain conditions, impose an appropriate sanction upon the attorneys, law firms, or parties responsible for the violation. Rule 9011(c)(1)(A) provides that, when the sanctions are based on a motion filed by a

10

party, the court may award the prevailing party its reasonable fees and expenses in presenting or opposing the motion. It may also include a nonmonetary sanction or an order directing a specified sum to be paid to the Court. Rule 9011(c)(2) provides that the sanction should be sufficient to deter repetition of such conduct either by the party or as an example by other similarly situated parties. The limiting conditions are that monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)(asserting frivolous claims or defenses).

In its motion for sanctions, the DuBoff Law Firm requested only its attorneys' fees and costs in connection with this adversary proceeding. The Court grants this request. Since the basis for its ruling is both factual and legal in nature, this sanction will be imposed jointly and severally on both Kelly and Fraga.

The DuBoff Law Firm has not yet quantified the fees and costs requested. The Court directs it to do so by filing a statement of fees and expenses and serving them on Fraga within 30 days from the date of service of this Memorandum. Fraga will be given 14 days from the date of service of the statement to file an opposition to the amount of the request. No late filed opposition will be considered. If a timely opposition is filed, the DuBoff Law Firm will be given 7 days from the date of service of the opposition to file a reply and a proposed form of order. The Court will consider the amount of the sanctions to be awarded upon receipt of the reply and proposed form of order.

11

However, in light of the apparent fraud on the Court committed by Kelly with regard to factual matters, the Court is not satisfied that this compensatory award adequately serves the deterrence purpose of Rule 9011. The Court is contemplating a further sanction, either monetary or nonmonetary, to be imposed on her. In determining whether to impose such a sanction and the sanction to be imposed, the Court will consider any explanation for her conduct provided by Kelly in a declaration filed by no later than 30 days from the date of service of this memorandum.[6]

END OF DOCUMENT

---

[6] The DuBoff Law Firm also requested that the adversary proceeding be dismissed with prejudice as a further sanction. However, the Court has already ordered summary judgment in its favor which provides comparable relief. A proposed form of judgment should submitted with the proposed form of order. The Court has previously issued a 60 day dismissal order in this case as a monitoring device. In the event the judgment is not entered within the 60 days, the Court will retain jurisdiction to issue the relief set forth herein, nunc pro tunc if necessary.

12

COURT SERVICE LIST

James Filiault
The DuBoff Law Group, LLC
6665 SW Hampton St., Ste. 200
Portland, OR 97223-8357

Kristine M. Kelly
4025 N. Fresno St., #103
Fresno, CA 93726

13