**Signed: May 19, 2006**



_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>LARRY FRAGA, etc.,<br>        Debtor.<br>_____/ | No. 00-44500 TT<br>Chapter 7 |
| LARRY FRAGA,<br>        Plaintiff,<br>  vs.<br>THE DUBOFF LAW GROUP, LLC,<br>etc.,<br>        Defendant.<br>_____/ | A.P. No. 06-4005 AT |

**FINAL MEMORANDUM RE RULE 9011 SANCTIONS**

On April 14, 2006, the Court issued a Memorandum of Decision (the "Memorandum") granting the Defendant The DuBoff Law Group, LLC's (the "DuBoff Law Firm") motion for sanctions under Bankruptcy Rule 9011. The Court gave the DuBoff Law Firm 30 days to file a statement of attorneys' fees, Larry Fraga ("Fraga") and Kristine Kelly ("Kelly") (collectively the "Respondents") 14 days from the date of service of the statement to file an objection to the amount of the

fees requested, and the DuBoff Law Firm 7 days from the date of service of the objection to file a reply.[1] The parties complied with these deadlines. The Court has reviewed their filings.

In its statement, the DuBoff Law Firm requested an award of $16,996 in fees and $331.81 in costs. The Respondents objected to the fees as excessive. They advanced various arguments as to why they were excessive. In its reply, the DuBoff Law Firm responded to the Respondents' objection. It also noted that it had incurred an additional $2,700 in fees since filing the statement. It requested that this amount be included in the award.

For the most part, the Court agrees with the DuBoff Law Firm that the objections to its fees made by the Respondents have no merit.[2] The Court agrees with the Respondents that the fees requested for "paralegal" services are excessive. Although true paralegal time can be included in a fee award, the Court does not agree with the DuBoff Law Firm that the work performed by the paralegals, as described in the billing statement, properly constitutes legitimate

---

[1] The Court stated in the Memorandum that it was considering imposing additional sanctions against Kelly. It gave Kelly 30 days from the date of service of the Memorandum to file a statement explaining her conduct. Kelly filed nothing clearly responsive to this direction. However, she may consider the objection filed to the fee statement responsive to it. If so, it was timely filed, and the Court has considered it in that respect as well as an objection to the attorney fee sanction award.

[2] However, the DuBoff Law Firm is incorrect that the Court made a blanket award of all of its fees. Even as a Rule 9011 sanction, only reasonable fees may appropriately be awarded. The purpose of requiring a fee statement to be filed and giving the respondent time to object is to permit the Court to determine the reasonable amount of fees.

2

paralegal work. For the most part, it appears clerical in nature. Consequently, the Court will not permit it to be included in the award. The Court also agrees with Respondents that the time spent by Leonard Duboff appears to have been unnecessary given the experience of the other attorneys on the case. In sum, the fees requested in the fee statement will be reduced to $14,721. Costs will be allowed in full.

The additional fees incurred may also be included provided they all represent time spent by the principal attorney. Thus, the total award will be $17,421 in fees and $331.81 in costs. As stated in the Memorandum, this award will be jointly and severally imposed against Fraga and Kelly. The Court is satisfied that this award is sufficient to deter future misconduct. Counsel for the Duboff Law Firm is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

COURT SERVICE LIST

James Filiault
The DuBoff Law Group, LLC
6665 SW Hampton St., Ste. 200
Portland, OR 97223-8357

Kristine M. Kelly
4025 N. Fresno St., #103
Fresno, CA93726