Entered on Docket
April 13, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
MAR 01 2007
HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

RECEIVED
APR 1 1 2007
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-06-1257-KPaD |
| LARRY A. FRAGA, | Bk. No. 00-44500 |
| Debtor. | Adv. No. 06-04005 |
| KRISTINE M. KELLY, | |
| Appellant, | |
| v. | MEMORANDUM* |
| DUBOFF LAW GROUP, LLC, | |
| Appellee. | |

Argued and Submitted on February 21, 2007
at Sacramento, California

Filed - March 1, 2007

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Leslie Tchaikovsky, Bankruptcy Judge, Presiding

Before: KLEIN, PAPPAS and DUNN, Bankruptcy Judges.

---

*This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The debtor's attorney, Kristine Kelly, appeals from an order awarding sanctions in favor of appellee, Duboff Law Group, LLC, under Federal Rule of Bankruptcy Procedure 9011 jointly and severally against her and her client in connection with the response to a lawsuit to collect professional fees that were not a prepetition debt. We conclude that the court's decision was not an abuse of discretion and AFFIRM.

FACTS

The debtor received a discharge on January 23, 2002, in an involuntary chapter 7 case in the United States Bankruptcy Court for the Northern District of California that was filed in August 2000 and in which an Order for Relief was entered in September 2000.

A few months prior to the filing of the involuntary petition, the debtor and appellee entered into a written contract for advisory legal services to be performed by appellee regarding copyright matters.[1] Appellee performed legal services for the debtor both before and after the Order for Relief was entered in the bankruptcy case. The debtor did not inform appellee of the bankruptcy case and did not schedule it as a creditor.

Appellee sent monthly invoices to the debtor for work performed, and the debtor timely paid the invoices in full until June 2001. Still unaware of the bankruptcy, appellee continued performing legal services for the debtor at his request through

---

[1] The debtor originally entered into an agreement with appellees' predecessor in interest DuBoff, Dorband, Cushing and King.

2

October 2002. The debtor made partial payments to appellee in June and September 2001, and made no payments thereafter.

In October 2002, appellee brought suit against the debtor in Oregon state court for unpaid fees and costs attributable to a period beginning in August 2001 ("Oregon Action"). The debtor was duly served with notice, but did not respond, and the debtor's default was entered.

Appellee subsequently learned of the debtor's bankruptcy and, out of caution, moved to have its Oregon Action abated and filed a proof of claim for $18,643.24 in the bankruptcy case. The chapter 7 trustee objected to the claim on the grounds that (1) it was a post-petition claim because the legal services at issue were rendered to the debtor after the commencement of the case; and, in the alternative, (2) it was filed after the claims bar date. Appellee did not oppose, and the claim was disallowed, rather than deemed to be tardy.

Appellee thereafter returned to the Oregon court and reinstated the Oregon Action. The Oregon court entered a default judgment against the debtor in March 2005 in the amount of $35,001.72, plus post-judgment interest.[2]

Appellee obtained a sister state judgment in California in August 2005 and scheduled a debtor's examination under California judgment enforcement procedure. The debtor did not appear at the debtor's examination, and the California Superior Court for the County of Fresno issued a bench warrant for the debtor's arrest.

---

[2] The total amount represents: $18,643.24 (principal) + $6,372.38 (pre-judgment interest) + $9,430 (attorney's fees) + $556.10 (costs).

3

Case: 06-04005   Doc# 74   Filed: 03/01/07   Entered: 04/13/07 14:54:13   Page 3 of 13

In response to the bench warrant, the debtor contacted and retained appellant as his attorney. Appellant, acting on behalf of the debtor, filed a motion in California state court to stay enforcement of appellee's judgment and to recall the bench warrant. The debtor argued that the bankruptcy discharge barred enforcement of the judgment. The California court denied the debtor's motion concluding that, because the underlying debt was incurred post-petition and because the Oregon Action was commenced following the debtor's discharge, the bankruptcy injunction did not bar enforcement of the Oregon judgment. The California court awarded appellee its attorney's fees associated with defending the motion by way of tentative ruling that appellant concedes was allowed to become final pursuant to California Rule of Court 3.1312(a) (formerly Rule 391(a)) and California Civil Procedure Code § 1019.5(a).

On January 4, 2006, the day after the California court announced its tentative ruling, appellant, as attorney for the debtor, filed an adversary proceeding against appellee in the bankruptcy court alleging that appellee had violated the discharge injunction under 11 U.S.C. § 524(a)(2) by continuing to prosecute the Oregon Action and attempting to enforce the judgment in California.

The complaint alleged that the judgment was based on a debt for legal services performed prepetition, and the only post-petition services were for tracking the debtor's bankruptcy and attempting to collect unpaid fees and costs. The complaint did not disclose that the California court had denied the debtor's motion to stay enforcement of the judgment or that the court had

4

ruled that the underlying debt was a post-petition debt that was not discharged.

Pursuant to the "safe harbor" procedure of Federal Rule of Bankruptcy Procedure 9011(c)(1)(A), in January 2006, appellee sent appellant a letter informing her of its intent to file a Motion for Rule 9011 Sanctions if she did not voluntarily dismiss her adversary complaint by January 20, 2006. Despite the warning, appellant did not voluntarily dismiss her complaint.

On March 9, 2006, appellee filed a Motion for Summary Judgment ("MSJ") and a motion for Rule 9011 Sanctions ("Rule 9011 Motion")[3]. In its Rule 9011 Motion, appellee requested attorney's fees and costs in connection with the adversary proceeding as sanctions.

A hearing was held on April 6, 2006. The bankruptcy court granted the summary judgment motion from the bench and took the Rule 9011 Motion under submission. On April 18, 2006, the court issued a Memorandum Decision granting the Rule 9011 Motion. The court approved appellee's request for attorney's fees (not yet quantified) and costs in connection with defending itself in the adversary proceeding, and announced that the award would be made jointly and severally against both the debtor and appellant.[4]

On May 19, 2006, the bankruptcy court issued a Final Memorandum Regarding Rule 9011 Sanctions awarding appellee

---

[3]Appellee actually filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. Federal Rule of Bankruptcy Procedure 9011 mirrors Rule 11 and is the sanctions provision that is applicable in bankruptcy proceedings. Unless otherwise indicated, all sanctions rule references are to the Federal Rules of Bankruptcy Procedure.

[4]The court gave appellee thirty days to file a statement of fees and expenses associated with the adversary proceeding.

5

$17,421 in fees and $331.81 in costs jointly and severally against the debtor and appellant.

A final order was entered on June 6, 2006, and a timely appeal ensued.[5]

## JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334. We have jurisdiction under 28 U.S.C. § 158(a)(1).

## ISSUE

Whether the bankruptcy court erred when it imposed monetary sanctions under Rule 9011.

## STANDARD OF REVIEW

The bankruptcy court's decision to award sanctions under Rule 9011 is reviewed for an abuse of discretion. Smyth v. City of Oakland (In re Brooks-Hamilton), 329 B.R. 270, 277 (9th Cir. BAP 2005).

## DISCUSSION

Rule 9011 imposes an obligation upon an attorney to ensure that all bankruptcy court submissions are "truthful and for proper litigation purposes." Brooks-Hamilton, 329 B.R. at 277.

---

[5] The debtor and the appellant filed one notice of appeal. Appellant subsequently moved to withdraw as debtor's attorney and to bifurcate her appeal. The BAP granted appellant's motion and opened the current appeal (06-1257). Both appeals continued separately until November 9, 2006, when the debtor's appeal was dismissed for lack of prosecution.

6

The Rule imposes an affirmative duty to conduct a reasonable investigation into the law and facts before submitting a pleading, motion, or other paper to the court. <u>Bus. Guides, Inc. v. Chromatic Comm. Enters., Inc.</u>, 498 U.S. 533, 551 (1991).

The applicable standard against which an attorney's conduct is measured is one of objective reasonableness under the circumstances. <u>Id.</u> In other words, would a competent attorney admitted to practice before the bankruptcy court have signed and submitted the subject pleading, motion, or other paper to the court? See <u>Brooks-Hamilton</u>, 329 B.R. at 277. If the answer is no, then Rule 9011 sanctions may be warranted.

Rule 9011 provides, in pertinent part:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court . . . a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
>
>   (1) it is not being presented for any improper purpose, such as to harass or to cause the unnecessary delay or needless increase in the cost of litigation;
>
>   (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>   (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Bankr. P. 9011(b).

In its Rule 9011 Motion, appellee alleged that the claims contained in the complaint and signed and submitted to the court by appellant were contrary to controlling Ninth Circuit

authority, and that it contained gross misstatements of underlying fact.

Appellee specifically argued that it is well established in the Ninth Circuit that post-petition legal services provided to a chapter 7 debtor, even when provided pursuant to a pre-petition contract, constitute post-petition debt. See Gordon v. Hines (In re Hines), 147 F.3d 1185, 1190-91 (9th Cir. 1998); Knutson v. Tredinnick (In re Tredinnick), 264 B.R. 573, 577 (9th Cir. BAP 2001). Because it is a post-petition debt that is not dischargeable in bankruptcy, it may be collected without violating the automatic stay. See Sanchez v. Gordon (In re Sanchez), 241 F.3d 1148, 1150-51 (9th Cir. 2001).

Appellee argued that had appellant conducted even a cursory search of the law, she would have discovered that the position she advocated on behalf of her client was legally unsupportable. Appellee also alleged that appellant made multiple misrepresentations of fact to the bankruptcy court.

The bankruptcy court agreed with appellee and found that appellant "may have failed to conduct adequate research before filing the complaint so as to determine the relevant law." The court also found that appellant's "selected omission" of a substantial portion of an exhibit that described the legal services provided to the debtor post-petition that was filed by appellee in the Oregon Action was not "accidental" and "goes beyond incompetence or frivolousness and constitutes an attempted fraud on the court."

Pursuant to Rule 9011(c), the court awarded appellee its requested attorney's fees and costs associated with bringing the

adversary proceeding on both the debtor and appellant jointly and severally.

On appeal, appellant argues that the court's award of sanctions was an abuse of discretion because the complaint she filed on behalf of the debtor was "with merit" and "was presented appropriately and amply supported by the facts available at the time."[6]

Appellant asserts that her "professional opinion" was based on facts presented to her by the debtor, which included the relation of a statement made to him by his former attorney that appellee was violating the automatic stay by pursuing debt collection in state court.

Appellant asserts further that she "reasonably relied" on her client's representations when making the decision to assert the claims contained in the complaint and that her "reasonable reliance" may be justified "even though the client's representations proved to be untrue."

As noted, reasonableness is judged by an objective standard. A competent attorney would not have relied on second-hand legal advice from her client that was supposedly given to that client

---

[6] On 11/24/06, we received a letter from appellee stating that it is waiving its right to appear and defend against appellant's appeal and respond to her opening brief. The bankruptcy court's sanctions order was imposed jointly and severally on both the debtor and appellant. The debtor, who is not a party to this appeal, paid to appellee the entire amount of the sanctions award. Thus, appellee contends it no longer has an interest in this appeal due to the fact that is has collected all the funds to which it is entitled under the sanctions order.
The appeal is not moot, however, because appellant could be asked by her former client to pay and because the sanction is the subject of mandatory reporting by the State Bar of California. Cal. Bus. & Prof. Code § 6068(o)(3).

9

by his former attorney. A competent attorney, before signing and filing a complaint with the bankruptcy court, would have done, at least, a cursory search to ensure that the debtor's position was supported by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. A competent attorney would have voluntarily dismissed the complaint when opposing counsel informed her of controlling Ninth Circuit authority that directly contradicts the legal positions advanced in the complaint.

Prior to filing its Rule 9011 Motion, appellee warned appellant that the factual contentions contained in the complaint were without evidentiary support and the legal arguments were not warranted by existing law. Appellant chose to continue with the adversary proceeding despite being warned by appellee of its intent to file a Rule 9011 Motion for Sanctions unless she dismissed the complaint.

Appellant's actions were not objectively reasonable under the circumstances. An objectively reasonable attorney would not have filed the subject complaint, and, when faced with a motion for Rule 9011 sanctions, would have voluntarily dismissed the complaint. "Rule 9011 prohibits an attorney from signing and filing pleadings that are without legal support." <u>Brooks-Hamilton</u>, 329 B.R. at 278. Hence, there was no error in determining that Rule 9011 was violated.

Determining what sanctions to impose for filing a complaint in violation of Rule 9011 is a matter of wide discretion for the bankruptcy court. <u>Id.</u> at 285. The bankruptcy court initially awarded appellee its requested, yet unquantified, attorney's fees

and costs associated with the adversary proceeding. The court allowed appellee time to file a statement of fees and expenses, and also allowed appellant time to file an opposition.

Within the allowed time period, appellee filed a statement requesting $16,996 in attorney's fees and $331.81 in costs. Appellant objected to the fees as excessive. Appellee filed a response arguing that it had incurred an additional $2,700 in attorney's fees since filing its initial statement.

The court examined all the filings and awarded appellee $17,421 in attorney's fees and $331.81 in costs and stated that the "court is satisfied that this award is sufficient to deter future misconduct."

We cannot say that the bankruptcy court's decision is based on an erroneous view of the law or clearly erroneous factual findings. We conclude that the bankruptcy court did not abuse its discretion when it awarded sanctions in favor of appellee.[7]

CONCLUSION

The bankruptcy court did not err when it awarded sanctions in favor of appellee pursuant to Rule 9011. Appellant's actions were not objectively reasonable, and she did not meet her burden to prove to us that the bankruptcy court abused its discretion. AFFIRMED.

---

[7] Appellant's brief also challenges the bankruptcy court's order granting summary judgment in favor of appellee. In her reply brief, appellant concedes that she lacks standing to challenge that order because she has no personal interest in the order due to the fact she was not a party to the adversary action. Therefore, we need not address her arguments that relate to the summary judgment order.

11

Case: 06-04005   Doc# 74   Filed: 03/01/07   Entered: 04/13/07 14:54:13   Page 11 of 13

```
                    U.S. Bankruptcy Appellate Panel
                          of the Ninth Circuit
         125 South Grand Avenue, Pasadena, California 91105
            Appeals from Central California    (626) 229-7220
            Appeals from all other Districts   (626) 229-7225
```

NOTICE OF ENTRY OF JUDGMENT

BAP No. NC-06-1257-KPaD

RE:   LARRY A. FRAGA

A separate Judgment was entered in this case on _____3/1/07_____.

BILL OF COSTS:

Bankruptcy Rule 8014 provides that costs on appeal shall be taxed by the
Clerk of the Bankruptcy Court.  Cost bills should be filed with the Clerk
of the Bankruptcy Court from which the appeal was taken.
9th Cir. BAP Rule 8014-1

ISSUANCE OF THE MANDATE:

The mandate, a certified copy of the judgment sent to the Clerk of
the Bankruptcy Court from which the appeal was taken, will be issued
7 days after the expiration of the time for filing a petition for
rehearing unless such a petition is filed or the time is shortened or
enlarged by order.  See Federal Rule of Appellate Procedure 41.

APPEAL TO COURT OF APPEALS:

An appeal to the Ninth Circuit Court of Appeals is initiated by
filing a notice of appeal with the Clerk of this Panel.  The Notice
of Appeal should be accompanied by payment of the $455 filing fee
and a copy of the order or decision on appeal.  Checks may be made
payable to the U.S. Court of Appeals for the Ninth Circuit.  See
Federal Rules of Appellate Procedure 6 and the corresponding Rules of
the United States Court of Appeals for the Ninth Circuit for specific
time requirements.

CERTIFICATE OF MAILING
------------------------------------

The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was mailed this date to all parties of record to this appeal.

By: Edwina Clay

Deputy Clerk: March 1, 2007